UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **OMAR L. NELSON** | : | **CIVIL ACTION NO. 14-931** |
| **REGISTER NO. 07415-017** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **HONORABLE DAVID KENT SAVOIE** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for a writ of *habeas corpus* [docs. 1 & 2] filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Omar L. Nelson (hereinafter "Nelson"). Nelson is in the custody of the Federal Bureau of Prisons (hereinafter "BOP") and is incarcerated at the Federal Correctional Institution in Talladega, Alabama (hereinafter "FCIT"). He challenges a detainer lodged by the State of Louisiana for pending criminal charges and claims that his right to a speedy trial has been violated.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

*I.*
*Background*

In 2010 Nelson was arrested in Louisiana and charged with possession of marijuana with intent to distribute. Doc. 1, att. 3, p. 22; Doc. 3, p. 8. He was scheduled to appear in the Fourteenth Judicial District Court (hereinafter "14th JDC"), Calcasieu Parish, on April 3, 2011.

Doc. 1, att. 3, p. 22. However, on March 3, 2011, he was arrested in Mississippi for possession with intent to distribute marijuana. *Id*. On October 3, 2011, Nelson was sentenced in the United States District Court for the Southern District of Mississippi, to sixty months' imprisonment. Doc. 3, pp. 8, 9. He is currently serving that sentence at FCIT.

On or about March 7, 2012, the Calcasieu Parish Sheriff's Office (hereinafter "CPSO") lodged a detainer against Nelson. Doc. 1, att. 3, p. 17; Doc. 1, att. 2, p. 1. At that time Nelson was incarcerated at the Federal Medical Center in Butner, North Carolina (hereinafter "FMCB"). FMCB replied to the detainer stating that it would notify CPSO three months prior to Nelson's July 10, 2015, release date. Doc. 1, att. 3, p. 25.

Nelson's filing history in regard to the detainer/lack of a speedy trial is as follows:

- **May 18, 2012** — Request to Dismiss Detainer filed in the 14th JDC. Doc. 1, att. 3, p. 36

- **June 27, 2012** — Demand for Speedy Trial filed in the 14th JDC. Doc. 1, att. 2, p. 1.

- **September 27, 2012** — Trial court denied the Request to Dismiss. Doc. 1, att. 3, p. 37.

- **January 30, 2013** — Motion to Dismiss for Failure to Prosecute, Violation of Speedy Trial Act filed in the 14th JDC. Doc. 1, att. 3, p. 28.

- **April 1, 2013** — Trial court denied the Motion to Dismiss. Doc. 1, att. 3, p. 33.

- **May 3, 2013** — Motion to Quash Detainer and Docket Number 5076-11 filed in the 14th JDC. Doc. 1, att. 3, pp. 14, 34.

- **September 10, 2013** — Trial court denied the Motion to Quash. Doc. 1, att. 3, p. 6.

- **October 7, 2013** — Motion entitled Motion to Quash Detainer and Docket Number 5076-11, filed in the Louisiana Third Circuit Court of Appeal. Doc. 1, att. 3, pp. 5, 7, 10.

- **January 22, 2014** — Louisiana Third Circuit denied the above motion stating "a ruling was rendered on Defendant's "Motion to Quash Detainer and Docket Number 5076-11" on September 10, 2013. Accordingly, because the trial court had ruled on Defendant's motion, we deny his petition for a writ of mandamus as moot." Doc. 1, att. 3, p. 6.

- **February 26, 2014** — Application for Supervisory and/or Remedial Writs filed in the Louisiana Supreme Court. Doc. 1, att. 3, p. 2.

- **April 11, 2014** — Writ Application denied by the Louisiana Supreme Court. Doc. 1, att. 3, p. 1.

Nelson filed the instant *habeas corpus* petition seeking to have the detainer quashed (doc. 1, p. 9) and to have this court "correct Docket No. 5076-11 which is unconstitutional…." Doc. 1, att. 2, p. 1. Nelson alleges that the State of Louisiana violated his right to a speedy trial by failing to extradite him/seek his presence in court after filing the detainer. Doc. 1, att. 2, p. 2.

## II.
### *Law and Analysis*

A prisoner in custody in one state against whom another state has a detainer may attack the interstate detainer by applying for federal *habeas corpus* relief.[1] *Gibson v. Klevenhagen*, 777 F.2d 1056, 1058 (5th Cir.1985) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, at 488-89 (1973)). Since Nelson is confined within the territorial jurisdiction of another court but challenges the validity of a detainer lodged against him in Louisiana, both this court and its counterpart in Alabama have concurrent jurisdiction over the petition.

The Supreme Court in *Braden* addressed the jurisdiction and venue of the federal district court in a similar situation and concluded that although the federal district court in the district of confinement may exercise concurrent jurisdiction, the district of confinement will not ordinarily prove as convenient as the district court in the state which has lodged the detainer. *Braden*, 410

---

[1] Before Nelson can attack the validity of the detainer, he must demonstrate exhaustion of all remedies available through the courts of Louisiana. See *Gibson v. Klevenhagen*, 777 F.2d 1056, 1058 (5th Cir.1985). Nelson indicates (and his documentation supports) that he has presented his claims to the Louisiana Supreme Court. Doc. 1, p. 3.

U.S. at 499. In *Braden*, the petitioner was serving a sentence in Alabama when he applied to the District Court for the Western District of Kentucky for a writ of *habeas corpus* alleging the denial of his constitutional right to a speedy trial on a Kentucky indictment. *Braden*, 410 U.S. at 485. The court reasoned that the warden of the Alabama prison was the agent of Kentucky in holding the prisoner pursuant to the Kentucky detainer. *Id.* at 488, 489.

Notwithstanding the fact that a federal court may theoretically exercise jurisdiction over a pre-trial *habeas* petition filed pursuant to § 2241, a federal court should ordinarily abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. *Dickerson,* 816 F.2d at 225 (citing *Braden,* 410 U.S. at 489-492). These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493; *Dickerson,* 816 F.2d at 225-226. The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" from one who seeks only to enforce the state's obligation to bring him promptly to trial. *Dickerson*, 816 F.2d at 225.

In the instant case, it clearly appears from the pleadings filed that Nelson is seeking the same relief that he has sought in his numerous filings noted above; namely, to have the Louisiana detainer quashed and the charges pending in the Fourteenth Judicial District Court dismissed based on his speedy trial claim. Thus, since Nelson seeks merely to derail the pending trial in the Louisiana state court, federal *habeas corpus* relief is not available.

## III.
### *Conclusion*

For reasons stated,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 11th day of March, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE